## Case No. 1,123.

### BAXTER v. BIAYS.

[Brunner, Col. Cas. 254;[1] 4 Law J. 276.]

Circuit Court. D. Maryland. May Term, 1812.

BAIL—SURRENDER OF PRINCIPAL.

Bail cannot surrender their principal before a judge at his chambers.

Biays was bail for one Merrihu. After the scire facias issued, and within the time allowed by the rule for a surrender of principal, Biays surrendered Merrihu before HOUSTON, District Judge, during vacation, who ordered an exoneretur to be entered.

But by DUVAL, Circuit Justice: There is no law authorizing a surrender before a judge at his chambers, nor is there any rule of court to that effect. It was once attempted before Judge Hanson, and refused.

## Case No. 1,123a.

### BAXTER v. The DONA FERMOAS.

[Betts' Scr. Bk. 570.]

District Court, S. D. New York. May 14, 1858.

ADMIRALTY—PROCEDURE—FILING CLAIM—DEFAULT.

[The filing of a claim in admiralty proceedings does not stay proceedings ex parte by the li-

bellant unless it is interposed on the return day of the process when the proclamation is made; and, when no one appears on the return day, it is proper to enter interlocutory and final decree in favor of libellant as upon default, although the claimant had theretofore filed his claim.]

[In admiralty. Libel by Samuel G. Baxter against the Dona Fermoas. There was a decree for libellants upon default, and claimant moves to set aside the default.]

Scudder & Carter, for libellants.
Beebe, Dean & Donohue, for claimant.

The vessel was seized under the process, and before the return-day the claimant appeared and filed his claim in court on Feb. 16, 1858. On the return of the process, Feb. 16, 1858, proclamation was made in open court, and no one appearing, interlocutory and final decrees were perfected in favor of the libellants. The claim alleges that after the filing of his claim no proceedings could be taken by the libellants without notice to him.

HELD BY THE COURT. That the fact of putting in a claim does not stay proceedings ex parte by the libellant, unless it be interposed on the return-day of the process, when the proclamation is made. Then the libellant must regard it as at his peril, although he receives no personal notice of its being filed. The libellants, therefore, have been regular in their proceedings, and the motion must be denied.